| | | |
|---|---|---|
| DAVID BUREN WILSON, TRUSTEE | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| HOUSTON COMMUNITY COLLEGE, | § | C.A. NO. 4:18 CV-00744 |
| CAROLYN EVANS-SHABAZZ, CHAIR, | § | |
| PRETTA VANDIBLE STALLWORTH, | § | |
| VICE CHAIR, ZEPH CAPO, SECRETARY | § | |
| JOHN HANSEN, TRUSTEE, ADRIANA | § | |
| TAMEZ, TRUSTEE, ROBERT GLASER, | § | |
| TRUSTEE, NEEETA SANE, TRUSTEE, | § | |
| And EVA LORECDO, TRUSTEE | § | |
| Defendants | § | |

## COMPLAINANT'S RESPONSE TO DEFENDANTS' NOTICE OF REMOVAL AND MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, COMPLAINANT David Buren Wilson, and files this, his Response to Defendants' Notice of Removal and Motion to Remand respectfully shows:

### I.     Facts and Procedural History

1.     Defendants removed this case from the 270 District Court, Harris County, Texas on March 8, 2018. The suit was Originally filed by Trustee, Wilson on October 10, 2017 under Cause No. 2017-67357. Thereafter, on October 24, 2017, Trustee Wilson filed another lawsuit against the same Defendants which was filed in the 80th District Court under Cause No. 2017-71693. Thereafter, Trustee, Wilson took no other action in 80th

District Court, except to non-suit the matter. All other filings occurred in the 270th District Court.[1]

2. On February 7, 2018, Trustee, Wilson filed his First Amended Original Petition in the 270th District Court which asserted causes of action under United States Code 42 § 1983. **Exhibit No. 1.** Trustee, Wilson's case was removable on February 7, 2018. However, on February 14, 2018, after Trustee, Wilson asserted his federal claims, Defendants filed their Motion to Consolidate Trustee, Wilson's causes of action in the 270th District Court with the causes of action filed in 80th District Court. **Exhibit No. 2.** With full knowledge of Trustee, Wilson's federal claims, Defendants sought to invoke the process of the state court and prayed that the case in the 270th District Court be consolidated with the 80th District Court. Thus, the Motion to Consolidate specially requested that another state Court (80th District Court) adjudicate Wilson's federal claims.

3. The Motion to Consolidate is significant because it was filed at a time when "removal" was ripe, and it evidenced Defendants' intent to adjudicate Trustee, Wilson's federal in another state court, as opposed to federal court. Defendants made a conscious choice to remain in state court, when the option was available to remove to federal court. The filing of the motion consummated Defendants' election to remain in state court, and constituted a waiver to proceed in federal court.

4. Thereafter, Defendants filed their Second Amended Plea to the Jurisdiction, Motion to Dismiss and Original Answer which sought affirmative relief. **Exhibit No. 3.** This motion was filed on March 8, 2018 contemporaneously with the Notice of

---

[1] All references that do no specifically reference the 80th District Court, are intended to refer to the state court proceedings in the 270th District Court.

Removal.[2] Defendants' plea to the jurisdiction sought a dismissal from the trial court on grounds of governmental immunity and legislative immunity. **Exhibit No. 3 Pg. 6-7**

5.     Additionally, Defendant sought affirmative relief from the Court requesting the Court award Defendant its attorney fees on grounds that Plaintiff filed a frivolous lawsuit. (Pg. 12 / 13) Defendant asserted Trustee Wilson's lawsuit had no basis in fact or law as grounds to support the award of attorney fees. Texas Rule of Civil Procedure, Rule 13 provides for the award of attorney fees for groundless lawsuits, as well as the Texas Civil Practice's and Remedies Code.

### Argument / Analysis

6.     A party may waive his right to remove if it "proceeds to defend the action in state court or otherwise invoke[s] the processes of that court." *Brown v. Demco, Inc.* 792 F.2d 478, 481 (5th Cir. 1986). It is the invocation of the state processes, when a federal processes are available that constitutes waiver.   Waiver is an intentional relinquishment of a known right and either made expressly or indicated by conduct that is inconsistent with an intent to claim the right. *Ulico Cas.Co. v. Allied Pilots Ass'n,* 262 S.W. 3d 773, 778 (Tex. 2008) A waiver of removal to federal court must be clear and indicate a positive intent to proceed in state court. *Priester v. Loneg Beach Mortgage Co.*, 2016 WL 9504324 (E.D. Texas, 2016)  A defendant can waive his right to remove only by actions done after the case in question becomes removable. *Caldwell v. Montgomery Ward & Co.* 207 F. Supp. 161, 162 (S.D. Texas 1962).

7.     **After** Trustee Wilson  filed his First Amended Petition asserting his federal claims under United States Code 42 § 1983,    Defendants filed their Motion to Consolidate.   The motion specifically acknowledged Wilson's federal claims. With

---

[2] Both Notice of Removal and Plea to the Jurisdiction was filed the same day.

knowledge of Trustee Wilson's federal claims, Defendants' requested that Wilson's pending lawsuits be consolidated into one **state court** proceeding, not federal court. Specifically, Defendants requested the 270th District Court consolidate Cause No. 2017-67357 with the 80th District Court under Cause No. 2017-71693.

8.      Instead of filing the Motion to Consolidate, Defendants could have filed its Notice of Removal. On the date Defendants filed their Motion to Consolidate, removal to federal court was ripe. Thus, when faced with a choice, Defendants elected to proceed in state court, even on Trustee, Wilson's federal claims.      The choice to proceed in state court, with knowledge of Trustee, Wilson's federal claims is conduct inconsistent with the intent to claim the right to removal.

9.      Defendant, in further support of its decision to invoke the state law process, filed and plea to the jurisdiction and requested the Court to adjudicate Plaintiff's causes of action.    Under Texas and federal law, a plea to the jurisdiction is a dispositive motion, and a trial on the merits. *Texas State University v. Quinn, 2016* WL 4980397 (Tex.App.—Austin 2016). The federal courts hold that a plea to the jurisdiction in state court is an attempt to resolve the trial on the merits. *Harmon v. Dallas County, Texas,* 248 F. Supp. 814, 821 (N.D. Texas, 2017). In *Harmon,* Defendants prevailed in state court on their plea to the jurisdiction. The federal court held "a dismissal for want of subject matter jurisdiction because  of a municipality's governmental immunity is a dismissal with prejudice, and, therefore, is a final judgment on the merits." *Id.*

## Conclusion

10. It is the intent to invoke the state's process that amounts to a waiver.  A defendant can not on one hand request Wilson's federal claims be adjudicated by another state court

while retaining the right to removal to federal court. The acts are inconsistent. Similarly, a plea to the jurisdiction is analogous to a motion for summary judgment, in that it invokes an adjudication on the merits. The significance of Defendants' Plea to the Jurisdiction is that it substantially invoked the state court's processes to a decree which is inconsistent with retaining their right to remove to federal court.

Prayer

Plaintiff prays that this Court grant his Motion to Remand, and any other relief, whether general or special, legal or equitable.

Respectfully Submitted

Keith Gross
SBN: 24027357
FBN: 325523
250 Park Ave.
League City, Texas 77573
832-932-5970 Phone
832-932-5688 Fax
Attorney for David Buren Wilson

Certificate of Service

I certify that a true and correct copy of the foregoing instrument was served on Defendants on March 22, 2018 via electronic filing systems.

Keith A Gross

CAUSE NO. 2017-67357

| | | |
|---|---|---|
| DAVID BUREN WILSON, TRUSTEE | § | IN THE DISRICT COURT |
| Plaintiff | § | |
| v. | § | |
| | § | |
| HOUSTON COMMUNITY COLLEGE | § | |
| SYSTEM, CAROLYN EVANS- | § | |
| SHABAZZ, CHAIR, PRETTA | § | |
| VANDIBLE STALLWORTH, VICE | § | 270TH DISTRICT COURT |
| CHAIR, ZEPH CAPO, SECRETARY, | § | |
| JOHN HANSEN, TRUSTEE, ADRIANA | § | |
| TAMEZ, TRUSTEE, ROBERT GLASER, | § | |
| TRUSTEE, NEETA SANE, TRUSTEE, | § | |
| AND EVA LOREDO, TRUSTEE | § | |
| Defendants | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONRORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, David Buren Wilson, Trustee for Houston Community College and files this his First Amended Original Petition and respectfully shows:

### I.    Discovery

1.    Plaintiff requests that discovery be conducted under level three.

### II.    Parties

**2.    PLAINTIFF, DAVID WILSON** is a natural person and Trustee for Houston Community College Systems.    Service may be affect though the undersigned attorney.

**3.    DEFENDANT, HOUSTON COMMUNITY COLLEGE SYSTEMS** is a political subdivision and may be served  by and through  its chancellor, Cesar Maldonado. Service may be accomplished per Rule 21(a).



4.     **DEFENDANT, EVA LOREDO, TRUSTEE** for Houston Community College System. Service may be affected anywhere she may be found.

5.     **DEFENDANT, PRETTA VANDIBLE STALLWORTH, TRUSTEE, VICE CHAIR** for Houston Community College System. Service may be affected anywhere she may be found.

6.     **DEFENDANT, CAROLYN EVANS-SHABAZZ, TRUSTEE AND CHAIR** for Houston Community College System. Service may be affected anywhere she may be found.

7.     **DEFENDANT, ADRIANA TAMEZ, TRUSTEE** for Houston Community College Systems. Service may be affected anywhere she may be found.

8.     **DEFENDANT, ROBERT GLASER, TRUSTEE** for Houston Community College System. Service may be affected anywhere he may be found.

9.     **DEFENDANT, NEETA SANE, TRUSTEE** for Houston Community College System. Service may be affected anywhere she may be found.

10.    **DEFENDANT, ZEPH CAPO, TRUSTEE AND SECRETARY** for Houston Community College System. Service may be affected anywhere he may be found.

11.    **DEFENDANT, JOHN HANSEN** for Houston Community College System. Service may be affected anywhere he may be found.

### III.     Venue and Jurisdiction

12.     Venue and Jurisdiction is proper in Harris County, Texas.

### IV.     Facts

13.     Houston Community College System is a political subdivision of the State of Texas that is managed, controlled, and otherwise operated by a Board of Trustees consisting of nine trustees.    The office of Houston Community College System Trustee is an elected position where each Trustee was elected to represent the interest of the people of a specific district.  Trustee Wilson was elected to office in November 2013.  Each Trustee is considered to be a political figure for purposes of the First Amendment, Right of Free Speech.

14.     On or about January 2010, the Houston Community College System Board of Trustees adopted its modification of the Board Bylaws. The Board Bylaws codify the rules and regulations in which the College and the Board of Trustees conduct its business. Article ·"G" of the Board By-laws governs the  General  Board  Meeting. Article G(5) provides:

> "VOTING: Each Trustee's vote, or failure to vote,  shall  be recorded by name. Only Trustees present in person may vote. Absent Trustees may listen to the proceedings by electronic media, *but may not vote* on the proceedings. No proxy votes shall be allowed. Other than situations in which a  two-thirds  vote  is required, a  majority  vote of the total membership of the Board will be required  in order for the Board to act."

15.     Based on reasonable belief, Trustee Wilson/Plaintiff asserts that all Houston Community  College  Trustees  received  proper  training  that  affirmatively

interpreted affirmed Article G(5) to prohibit absentee voting, and that only board members present in person are eligible to vote on any matter before the board/Board.

16.     On or about September 22, 2017, a Borad meeting convened. Trustee and Vice Chair Carolyn Evans-Shabazz was not physically present. Trustee Evan-Shabazz was permitted to appear and participated in the meeting, via video conference. Participation included casting her vote on each agenda item. Trustee Wilson objected to her participation/voting on matters before the Board, and asserted that Trustee Evan-Shabazz could not vote on any board agenda item, as it violated the Board's Bylaws. Regardless, Trustee Evans-Shabazz cast her votes, and such votes were officially recorded tallied along with the votes of the other Trustees. The act of a Trustee voting, and having the vote counted is an administrative or ministerial act, and not a discretionary act.

17.     The Defendants refused to comply with its own Bylaws when they permitted another Trustee to participate and vote at a Board meeting where she was not physically present as required by the Bylaws of the Board. Defendants' conduct was contrary to the Bylaws, constituted selective enforcement, or renders the enforcement of Article G(5) arbitrary, capricious and unenforceable.

18.     On or about October 19, 2017 Trustee Wilson filed a lawsuit in the Harris County District Court requesting that it provide an interpretation as to Article G(5) in light of the use of the word "may" in the Article as opposed to the word "shall." Ordinarily, the word "may" in a statute means discretionary compliance, and the

4

word "shall" means mandatory compliance. Thus, the Board's acceptance of Trustee Evans-Shabazz's vote impliedly interpreted Article G(5) to mean that a Trustee's physical appearance as a requisite to participation and voting at a Board meeting was discretionary. The Board's implied interpretation undermined its prior course of conduct. Trustee Wilson filed suit after the Board to resolve the ambiguity in the Article. Trustee Wilson's lawsuit benefits all the Board members so that the Bylaws may have a uniform interpretation.

19. After filing the lawsuit, Houston Community College conducted its regular Board meeting on or about October 12, 2017. During the course of the meeting, the Board convened into executive session. The executive session is not open to the general public, but is limited to the Board members, the chancellor and legal counsel. However, the Board attorney, Melissa Mihalick and the Chair of the Board, Eva Lorado specifically excluded Trustee Wilson from executive session, citing a conflict of interest between Trustee Wilson and the Board. This action labeled Trustee Wilson as an adversarial party to the Board when in fact he was, and is a duly-elected member of the Board of HCC, who solely seeks good governance.

20. Trustee Wilson's lawsuit sought a uniform interpretation of Article G(5) and was not an adversarial proceeding, and not a proceeding in which Trustee Wilson could be excluded from performing his elected duties. Among Trustee Wilson's elected duties is the duty to vote and decide whether Article G(5) requires a Trustee's presence. Trustee Wilson sought no personal gain for the prior

lawsuit, nor had he a personal interest at stake.

21.     By excluding Trustee Wilson from the executive session, Defendant's prohibited Trustee Wilson from performing his duties to his electorate, to his oath of office, and to the HCC institution. Defendants deprived Trustee Wilson, the right of freedom of association, and deprived the people of District 2, their right to representation.

22.     On January 18, 2018, Trustees, **EVA LOREDO, CAROLYN EVANS-SHABAZZ, ADRIANA TAMEZ, NEETA SANE and ZEPH CAPO** of HCC convened in a regularly scheduled session and under color of law, voted to censure Trustee Wilson for exercising his First Amendment right of Free Speech contrary to the customs, rules, or regulations of HCC.

23.     HCC and the above Trustees contend it is a custom, rule, or regulation imposed on all Trustees, that each Trustee has a duty to show respect for the Board's collective decision-making process, engage in open and honest discussions in making Board decisions, respect the difference of opinions among the other Trustees, and interact with fellow Board members in a way that creates and sustains mutual respect. HCC and the above named Trustees contend that Trustee Wilson violated HCC's customs, rules, or regulations by committing the following acts:

    a.     initiating robo calls regarding other board members, conducting an interview with a local news station regarding his criticisms of other Trustees;

    b.     publishing information on a website created by Wilson that purported

6

exposed unethical or illegal conduct of various Trustees;

c.     hiring a private investigator to determine the residence of Trustee, Adriana Tamez on grounds that Tamez did not reside in the district for which she hold's office;

d.     for bringing a lawsuit against HCC after Wilson exposed HCC for violating its own Bylaws;

e.     for bringing a second lawsuit after HCC banned Wilson from participating in executive session where the Trustees would deliberate whether to amend its Bylaws regarding participating and voting via teleconference;

f.     for establishing a website that referenced HCC's name;

g.     hiring a private investigator to investigate HCC without HCC's consent; and

h.     repeatedly acted in a manner not consistent with the best interests of the College or the Board, and in violation of the Bylaws;

24.     HCC and Trustees, **EVA LOREDO, CAROLYN EVANS-SHABAZZ, ADRIANA TAMEZ, NEETA SANE and ZEPH CAPO** adopted a resolution that censured Trustee Wilson for the above referenced conduct. The resolution declared Trustee Wilson ineligible for election to Board Officer positions for the 2018 calendar year and ineligible for reimbursement for any College-related travel, any request for access to the funds in his Board account for community affairs. Further, HCC and Trustees, **EVA LOREDO, CAROLYN EVANS-SHABAZZ, ADRIANA TAMEZ, NEETA SANE and ZEPH CAPO** directed Wilson to cease and desist from similar conduct or face further disciplinary action.

25.     HCC now, under color of law, treats Trustee Wilson different than other Trustees

similarly situated flowing from the exercise of his First Amendment Right of free speech, access to the court, and freedom of association.

26. On reasonable belief, Trustees are not within the scope of their authority to censure another Trustee for acts, or omissions protected by the First Amendment of the United State's Constitution.

## V. Adoption by Reference

27. Trustee Wilson hereby adopts by reference Exhibit No. 1, Resolution of Censure into each part of Plaintiff's First Amended Original Petition.

## VI. Causes of Action.

### Cause of Action No. 1:

28. Trustee, David Wilson hereby sues Defendants for declaratory judgment and injunctive relief in accordance with the allegations above. Wilson requests the Court determine his rights, and responsibilities under HCC's Bylaws and determine whether he may be excluded from executive session to determine HCC's policies for absentee voting.

### Cause of Action No. 2:

29. Wilson sues HCC and Trustees, **EVA LOREDO, CAROLYN EVANS-SHABAZZ, ADRIANA TAMEZ, NEETA SANE and ZEPH CAPO** under section 42 U.S.C. § 1983 for their joint and several violations of Trustee Wilson's civil rights under the United States Constitution arising from the exercise of his First Amendment of Free Speech.

30.     The duty for one Trustee to show respect for the Board's collective decision-making process, engage in open and honest discussions in making Board decisions, respect the difference of opinions among the other Trustees, and interact with fellow Board members in a way that creates and sustains mutual respect, as applied to Trustee Wilson, was interpreted overly broad and implicates a fundamental right and should be reviewed under a strict scrutiny standard.

31.     HCC and the above referenced Trustees should be enjoined from enforcing the Resolution of Censure.

**Cause of Action No. 3:**

32.     Wilson sues HCC and Trustees, **EVA LOREDO, CAROLYN EVANS-SHABAZZ, ADRIANA TAMEZ, NEETA SANE and ZEPH CAPO** under section 42 U.S.C. § 1983 for their joint and several violations of Trustee Wilson's civil rights under the United States Constitution arising from the Equal Protection Clause.

33.     The duty for one Trustee to show respect for the Board's collective decision-making process, engage in open and honest discussions in making Board decisions, respect the differences of opinions among the other Trustees, and interact with fellow Board members in a way that creates and sustain mutual respect, as applied to Trustee Wilson was interpreted overly broad, and implicates a fundamental right and should be reviewed under a strict scrutiny standard.

34.     HCC and the above referenced Trustees should be enjoined from enforcing the Resolution of Censure.

9

## VII.  Capable of Repetition

35.     The above causes of action are capable of repetition, but still evading review.

## VIII.     Exhaustion of State Law Remedies

36.     Trustee Wilson has either  exhausted his state law remedies, or state law remedies are insufficient to redress the harm caused to Wilson.

## IX.     Damages

37.     Wilson  hereby sues for $10,000.00 in damages for mental anguish, and $10,000.00 in punitive damages and  for his reasonable and  necessary attorney fees.

### Prayer

Plaintiff prays that Defendants be cited to appear and upon a final hearing, declare the rights and responsibilities of the parties and any other relief, whether general or special, legal or equitable, award Wilson his reasonable and  necessary attorney fees.

The Law Office-of Keith A. Gross

By: _____

Keith A. Gross
State Bar No. 24027357
250 Park Avenue
League City, Texas 77573
Phone: 832-932-5970
Fax: 832-932-5688
attnykgross@aol.com
Attorney for Plaintiff

Certificate of Service

I certify that a true and correct copy of the foregoing instrument was served on opposing counsel in accordance with the Texas Rules of Civil Procedure on February 7, 2018.

Keith A Gross

CAUSE NO. 2017-67357

| | | |
|---|---|---|
| DAVID BUREN WILSON, TRUSTEE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| HOUSTON COMMUNITY COLLEGE | § | |
| SYSTEMS, EVA LOREDO, CHAIR, | § | |
| CAROLYN EVANS-SHABAZZ, VICE | § | HARRIS COUNTY, TEXAS |
| CHAIR, JOHN HANSEN, TRUSTEE | § | |
| ADRIANA TAMEZ, TRUSTEE ROBERT | § | |
| GLASER, TRUSTEE NEEETA SANE, | § | |
| TRUSTEE CHRISTOPHER OLIVER, | § | |
| TRUSTEE and ZEPH CAPO, TRUSTEE | § | |
| | § | |
| Defendants. | § | 270TH JUDICIAL DISTRICT |

**DEFENDANTS' MOTION TO CONSOLIDATE**

Defendants Houston Community College System ("HCC"), Trustees Eva Loredo ("Loredo"), Dr. Carolyn Evans-Shabazz ("Evans-Shavazz"), Dr. John Hansen ("Hansen"), Dr. Adriana Tamez ("Tamez"), Robert Glaser ("Glaser"), Neeta Sane ("Sane"), Christopher Oliver ("Oliver"), and Zeph Capo ("Capo") (all herein referred to as the Defendant, "HCC" or the "College") ask the Court to consolidate this case with Cause No. 2017-71693, in 80th Judicial District Court in Harris County, Texas.

## I. BACKGROUND

1. In cause no. 2017-67357 before this Court, Plaintiff Wilson sued the aforementioned Defendants. His cause of action in his original petition was a Uniform Declaratory Judgment Act ("UDJA") claim to determine whether an internal regulation of the HCC Board of Trustees ("Board"), one of its bylaws requiring the physical presence of a Trustee to participate in a Board meeting, took precedence over a provision of the Texas

DEFENDANTS' MOTION TO CONSOLIDATE

EXHIBIT
2

Open Meetings Act ("TOMA") permitting remote participation by videoconference. Plaintiff additionally sought injunctive relief of a recount of each vote at that meeting.

2. In cause no. 2017-71693 before the 80th District Court of Harris County, two weeks after the present suit, Plaintiff sued the exact same Defendants repeating the same factual allegations and adding the factual allegation that the Board illegally excluded the Plaintiff from its closed session discussion of the present lawsuit. The causes of action of his second lawsuit are that such exclusion is a freedom of association violation and a violation of his constituents' right of representation.

3. On February 7, 2018, the Plaintiff filed an amended petition in the present suit in which he asserts all the factual allegations and causes of action in his second suit such that the second suit is wholly contained in the amended petition of the present suit. The Plaintiff further added new factual allegations of a Board resolution censuring the Plaintiff, prohibiting him from holding Board office, and prohibiting him from accessing funds allotted by the Board to each trustee to be used for HCC purposes. The causes of action he asserts regarding the resolution are freedom of expression retaliation and equal protection.

## II.  ARGUMENT & AUTHORITIES

4. This case relates to and shares common questions of law or fact with Cause No. 2017-71693, in 80th Judicial District Court in Harris County, Texas.

5. Consolidation of cases is appropriate if: (1) the cases relate to substantially the same subject matter, transaction, or occurrence and involve common questions of law or fact, (2) the same evidence is material, relevant, and admissible in both cases, (3) consolidation promotes judicial economy and convenience, and (4) consolidation will not result in an unfair trial. *See* Tex. R. Civ. P. 174(a); *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 207 (Tex. 2004); *Lone*

*Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 737-38 (Tex. App.-Houston [1st Dist.] 1992, writ denied).

6.     The Court should consolidate this case with Cause No. 2017-71693, in 80th Judicial District Court in Harris County, Texas, because the cases arose from the same subject matter and occurrences and involve common questions of law and fact. Indeed, the questions in the second filed lawsuit are now reproduced exactly in the first filed lawsuit as a result of the amended petition.

7.     In a consolidated trial of these cases, the evidence presented will be material, relevant, and admissible in each case – the second lawsuit, both in terms of facts and law, is now completely asserted in the amended petition of the first lawsuit.

8.     The consolidation of these cases promotes judicial economy and convenience and will not result in an unfair trial. It will avoid duplication of a lawsuit in two different courts.

## III.     CONCLUSION

9.     The factors supporting consolidation of actions are fully established when, as here, an amended petition in the first filed lawsuit adds the factual claims and causes of action in the second filed lawsuit. The second lawsuit is completely duplicated in the amended petition in the first lawsuit, meriting consolidation.

## IV.     PRAYER

For these reasons, Defendants ask the Court, after a hearing, to consolidate this case with Cause No. 2017-71693, in 80th Judicial District Court in Harris County, Texas.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: _____

    Arturo G. Michel
    State Bar No. 14009440
    amichel@thompsonhorton.com

    Benjamin P. Wells
    State Bar No. 24093341
    bwells@thompsonhorton.com

Phoenix Tower
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone:  (713) 554-6766
Facsimile:  (713) 583-9397

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendants attempted to contact Plaintiff's counsel via telephone and email regarding this motion but has not received a response. Counsel will promptly inform the court if agreement is reached.

_____

Arturo G. Michel

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been forwarded on this 14th day of February, 2018 to counsel of record for the Plaintiff by electronic service and/or certified mail as follows:

> Mr. Keith A. Gross
> The Law Office of Keith A. Gross
> 250 Park Avenue
> League City, TX 77573

> /s/ Arturo G. Michel
> Arturo G. Michel

931467

Unofficial Copy Office of Chris Daniel District Clerk

CAUSE NO. 2017-67357

| | | |
|---|---|---|
| DAVID BUREN WILSON, TRUSTEE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| HOUSTON COMMUNITY COLLEGE | § | |
| SYSTEMS, EVA LOREDO, CHAIR, | § | HARRIS COUNTY,TEXAS |
| CAROLYN EVANS-SHABAZZ, VICE | § | |
| CHAIR, JOHN HANSEN, TRUSTEE | § | |
| ADRIANA TAMEZ, TRUSTEE | § | |
| ROBERT GLASER, TRUSTEE | § | |
| NEEETA SANE, TRUSTEE | § | |
| CHRISTOPHER OLIVER, TRUSTEE and | § | |
| ZEPH CAPO, TRUSTEE | § | 270TH JUDICIAL DISTRICT |
| | § | |
| Defendants. | | |

## DEFENDANTS' CORRECTED SECOND AMENDED PLEA TO THE URISDICTION, MOTION TO DISMISS, SPECIAL EXCEPTIONS, AND ORIGINAL ANSWER

Defendants Houston Community College System ("HCC"), Trustees Eva Loredo

("Loredo"), Dr. Carolyn Evans-Shabazz ("Evans-Shavazz"), Dr. John Hansen ("Hansen"), Dr.

Adriana Tamez ("Tamez"), Robert Glaser ("Glaser"), Neeta Sane ("Sane"), Zeph Capo

("Capo"), and Pretta Vandible Stallworth ("Stallworth") (all herein referred to as the Defendant,

"HCC" or the "College")[1] file this Corrected Second Amended Plea to the Jurisdiction, Motion

to Dismiss, Special Exceptions, and Original Answer to Plaintiff's First Amended Original

Petition, and would respectfully show the Court the following:

---

[1] As noted in the Defendant's Special Exceptions, Plaintiff does not state that he brings claims against the HCC Trustees in their individual capacities. Because the allegations accuse Trustees only of taking legislative actions during a Board meeting, the claims necessarily are against the HCC Trustees in their official capacities. Because a claim against a governmental official in his official capacity is a claim against the entity itself, the Defendant will treat this lawsuit as a lawsuit against the College only and refer to a singular Defendant as Defendant, HCC, or College unless specifically named otherwise. *See Morgan v. City of Alvin*, 175 S.W.3d 408, 414 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' As long as the governmental entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.")

**EXHIBIT**

3

# I.  NATURE OF LAWSUIT

The Plaintiff, a member of the governing body of a community college, a political subdivision of Texas, chose to file a lawsuit against the College and his fellow Trustees concerning his disagreement with the position of a majority of the Board. The Plaintiff's First Amended Original Petition requests declaratory and injunctive relief with respect to alleged violations of the Board of Trustees' Board Bylaws regarding absentee voting and his exclusion from an executive session. It also asserts violations of the Equal Protection Clause of the United States Constitution and the First Amendment based on his exclusion from the executive session at issue, as well as the Board's decision to censure Wilson for committing various improper acts. For several reasons, including governmental and legislative immunity, the court should dismiss Plaintiff's declaratory judgment claims.

# II.  STANDARD

1.  A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to the merits of the claim. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A movant may file a plea to the jurisdiction on any ground over which it claims the court has no subject matter jurisdiction. *See City of Austin v. L. S. Ranch, Ltd.*, 970 S.W.2d 750, 752 (Tex. App.—Austin 1998, no pet.); *Amador v. San Antonio State Hosp.*, 993 S.W.2d 253, 254 (Tex. App.—San Antonio 1999, pet. denied); *State v. Benavides*, 772 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1989, writ denied). In determining a jurisdictional question on a challenge to the plaintiff's pleadings, a trial court must, generally, not weigh the merits of the case, but instead consider only the pleadings and evidence pertinent to the jurisdictional question. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 556 (Tex. 2002) (citing *Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001) and

*Blue*, 34 S.W.3d at 554). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law that is reviewed de novo. *Id.*

2.    Governmental immunity is a jurisdictional issue. *Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 639 (Tex. 1999); *see Tex. Parks & Wildlife Dep't v. Garrett Place, Inc.*, 972 S.W.2d 140, 143 (Tex. App.—Dallas 1998, no pet.). If a governmental entity is entitled to governmental immunity, the trial court should grant the entity's plea to the jurisdiction. *Jones*, 8 S.W.3d at 638. The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject matter jurisdiction and must show that immunity has been waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Tex. Parks & Wildlife Dep't*, 972 S.W.2d at 140, 142–43. Courts should be particularly concerned with jurisdictional challenges asserted by governmental entities, because the high cost of defending lawsuits is ultimately borne out by the public. *See L.S. Ranch, Ltd.*, 970 S.W.2d at 753.

3.    Texas Rule of Civil Procedure Rule 91a allows a party to "move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* The purpose of Rule 91a is to allow the Court to quickly dispose of a baseless cause of action as a matter of law without considering any evidence. *See* 2013 Cmt. to TEX. R. CIV. P. 91a. Rule 91a's factual-plausibility standard is akin to a legal-sufficiency review. *See In re Heaven Sent Floor Care*, 2016 WL 7230387, at *2 (Tex. App.—Dallas Dec. 14, 2016, no. pet.). Dismissal is appropriate under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Jones v. Shipley*, 2016 WL 7164051, at *1 (Tex.

App.—Houston [1st Dist.] Dec. 8, 2016, no. pet.) (citing to *In re Heaven Sent Floor Care*, 2016 WL 7230387; TEX. R. CIV. P. 91a). "Whether the dismissal standard is satisfied depends 'solely on the pleading of the cause of action.'" *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). The pleadings are to be both construed liberally in favor of the non-movant and accepted as true, in order for a court to determine whether a cause of action has a basis in law. *Id*. (Higley, J. dissenting) (citing to *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)). Rule 91a has been likened to either a plea to the jurisdiction, *see City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016), or a federal motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) for failure "to state a claim upon which relief can be granted." *See, e.g. Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 186 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *see also GoDaddy.com LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014).

## III. ARGUMENT AND AUTHORITIES IN SUPPORT OF GRANTING PLEA TO THE JURISDICTION, MOTION TO DISMISS, AND SPECIAL EXCEPTIONS

### A. Governmental Immunity

4. A public junior college/community college is an agency of the State, and in exercising governmental functions, the community college is immune from suit and liability unless the legislature expressly waives sovereign immunity. Houston Community College is a public community college. *See generally* TEX. EDUC. CODE § 130.182 (defining the Houston Community College System service area) and § 130.084 (defining authority of HCC board of trustees); *see also* TEX. CIV. PRAC. & REM. CODE § 101.001(3)(A)-(B) (defining "governmental unit" to include any junior college district as a political subdivision of the state). With respect to public community colleges and public school districts, Texas law provides for absolute immunity from tort liability except those claims involving the negligent operation of a motor vehicle. *See*

TEX. CIV. PRAC. & REM. CODE § 101.051; *Wood v. Coastal Bend Coll.*, 2010 WL 2136621 (Tex. App.—Corpus Christi 2010, no pet.) (dismissing claim based on allegedly illegal tuition practices); *Looper v. Houston Community Coll.*, 2007 WL 4200642 at *5 (Tex. App.—Houston [14th Dist.] 2007, pet. den.); *Freeman v. Del Mar College*, 716 S.W.2d 729 (Tex. App.—Corpus Christi 1986, no writ).

5.    The Plaintiff's First Amended Original Petition brings a Uniform Declaratory Judgment Act ("UDJA") claim against the College regarding (i) an alleged failure to enforce the HCC Board's bylaws when Trustee Evan-Shabazz attended the meeting via videoconference and participated in voting in the same, and (ii) Plaintiff's alleged exclusion from an executive session. *See* Pl. 1st Am. Orig. Pet. at ¶ 28. The Plaintiff seeks this Court's interpretation of the College's bylaws as it relates to videoconferencing and a determination of whether he may be excluded from executive sessions to determine HCC's policies for absentee voting.

6.    Plaintiff's declaratory judgment claims are barred by governmental immunity because case law is clear that HCC's immunity is not waived under the Declaratory Judgment Act for conduct alleged by the Plaintiff. *See, e.g.*, *State v. BP Am. Prod. Co.*, 290 S.W.3d 345, 360 (Tex. App.—Austin, 2009) ("For this reason, the UDJA cannot be used as a vehicle to obtain declarations having the effect of establishing a right to relief against the State for which sovereign immunity has not been waived.").

7.    The Texas Supreme Court identifies two distinct types of UDJA actions against a local government for which immunity is waived. First, suits brought against government officials who act without legal or statutory authority in order to compel the officers to act within their official capacity. *City of San Antonio v. Reed S. Lehman Grain, Ltd.*, 2007 WL 752197 (Tex. 2007). Second, suits brought against governmental officials to establish a contract's validity, to

enforce performance under a contract, or to impose contractual liabilities. *Id.* The latter type is not at issue in this case.

8.    The Texas Supreme Court has held that "suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money." *City of El Paso v. Heinrich,* 284 S.W.3d 366, 372 (Tex. 2009). "However, to fall within this ultra vires exception, a suit must not complain of a government officer's exercise of discretion, **but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act** . . . as a technical matter, the governmental entities themselves—as opposed to their officers in their official capacity—remain immune from suit on such claims. This rule derives from the premise that the acts of officials which are not lawfully authorized are not acts of the State." *Texas Department of Insurance v. Reconveyance Svcs., Inc.*, 306 S.W.3d 256 (Tex. 2010) (per curiam) (emphasis added) (internal citations and quotations omitted).

9.    The Plaintiff's petition does not focus on the constitutionality or statutory authority of the use of videoconferencing in the Texas Open Meetings Act in Texas Government Code Section 551.127, but instead the Plaintiff complains about the College's exercise of that statute conflicting with the College's own internal bylaws related to that matter. His claims can be considered allegations of a lack of legal authority or failure to perform a ministerial act only if failure to follow an internal Board regulation qualifies as such. For the following reasons, videoconference participation is legally authorized and does not involve a ministerial act. Further, with respect to Plaintiff's alleged exclusion from executive session, Plaintiff merely seeks a determination of whether he was correctly excluded from the executive session as an

adversarial party. While these reasons support governmental immunity, they also provide an independent basis to establish the lack of a viable claim.

## B. Legislative Immunity

10. The only avenue permitted by *Heinrich* to waive governmental immunity, that the Trustees acted ultra vires, necessarily results in another immunity defense which is absolute, legislative immunity. *See, e.g. Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004) ("This Court has recognized that individuals acting in a legislative capacity are immune from liability for those actions"); *see also Brown v. Lubbock Cnty. Comm'r Court*, 185 S.W.3d 499, 505 (Tex. App.—Amarillo 2005, no pet.) (holding that the members of the commissioners court had legislative immunity for their performance of legislative functions). The Plaintiff alleges nothing beyond Trustees participating in a Board meeting by discussing and taking action by vote of the Board.

## C. Community College Bylaws Cannot Limit Statutory Authority

11. With respect to Plaintiff's complaints about videoconferencing, the College does not have the legislative authority to contravene state legislation. As a creation of the legislature, a public community college is controlled by statute. *See Tex. Atty. Gen. Op. DM-20*, 1991 WL 527433 (finding the Texas Higher Education Coordinating Board did not have authority to establish educational requirements for community college trustees because the qualifications for trustees to seek and hold office are set by statute, and setting additional requirements would be tantamount to adding to the statute).

12. Texas Government Code Section 551.127 allows for the use of videoconferencing equipment so that a trustee may participate in his or her duties and rights, including participation in voting. The language of the statute gives members of a governing body the discretion to participate by videoconference under the proper conditions. The language does not grant a

government entity the power to decide whether videoconference participation should occur. "A member or employee of a governmental body may participate remotely in a meeting of the governmental body by means of a videoconference call . . . ." TEX. GOV'T CODE, § 551.127 (a-1). Because the College cannot restrict that which is conferred by statute, the College's bylaw provision to the contrary cannot be given effect. In an analogous situation involving Open Meetings Act violations, an appellate court overturned the lower court's portion of an injunction prohibiting school trustees from the use of telephone conferences to discuss public business. *Hitt v. Mabry*, 687 S.W.2d 791, 796 (Tex. App.—San Antonio, 1985). Its rationale was that "[a] decree of injunction must not be so broad as to enjoin a defendant from activities which are a lawful and proper exercise of his rights." *Id.*

### D.     Plaintiff Waived Complaint by Failing to Exhaust Appeal

13.     "Texas courts generally do require a party to exhaust its administrative remedies before seeking judicial review of the decision of a governmental entity." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467–68 (5th Cir. 2004) (citing *Tex. Dep't of Transp. v. Jones Bros. Dirt & Paving Contractors, Inc.*, 92 S.W.3d 477, 484–85 (Tex.2002)); *Tex. Educ. Agency v. Cypress–Fairbanks I.S.D.*, 830 S.W.2d 88, 89–90 & n. 1 (Tex.1992); *Tex. State Bd. of Exam'rs in Optometry v. Carp*, 162 Tex. 1, 343 S.W.2d 242, 246–47 (1961); *Firefighters' & Police Officers' Civil Serv. Comm'n v. Herrera*, 981 S.W.2d 728, 732 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); *Caspary v. Corpus Christi Downtown Mgmt. Dist.*, 942 S.W.2d 223, 226 (Tex. App.—Corpus Christi 1997, writ denied); *Bandera Downs, Inc. v. Alvarez*, 824 S.W.2d 319, 321 (Tex. App.—San Antonio 1992, no writ); *see also Glasscock Underground Water Conservation Dist. v. Pruit*, 915 S.W.2d 577, 580 (Tex. App.— El Paso 1996, no writ) ("In most instances, a party must exhaust available administrative

remedies before resorting to the courts.") (citing *Webb County Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex.1990)).

14.    The Fifth Circuit in *Eby* addressed a question of first impression in Texas, where exhaustion requirements were not statutory but found only in the local entity's own regulations. The court concluded, applying an *Erie* analysis, that the Texas Supreme Court, if faced with this situation, would hold that the plaintiff must first exhaust the administrative remedies provided in a governmental entity's regulations before pursuing a breach-of-contract action in a court of law.

15.    Robert's Rules of Order governs Board meeting conduct. *See* Ex A at 2 (Board bylaw Article G(8) stating "Roberts Rules of Order (most current edition) shall constitute the rules of procedure applicable to all meetings of the Board, when not in conflict with any provisions of law or these bylaws."); *see also* Ex B at p. 2 of 3, "Rules of Order" (Board policy BD(LOCAL) stating: "[t]he Board shall observe the parliamentary procedures as found in *Robert's Rules of Order, Newly Revised*, except as otherwise provided in Board procedural rules or by law").[2] If Plaintiff objected to Trustee conduct, he was required to raise a question of privilege or a point of order.

16.    A question of privilege is a *"device that permits a request or main motion relating to the rights and privileges of the assembly or any of its members* to be brought up for possible immediate consideration because of its urgency, while business is pending and the request or motion would otherwise be out of order." *See Robert's Rules of Order Newly Revised*, 10th ed. (2000) at Section 19, pp. 216–17. To raise a question of privilege, a member should

---

[2] Exhibits A and B come from the Defendant's policies, which are available on its governmental website at http://www.hccs.edu/about-hcc/policies/ and http://www.hccs.edu/about-hcc/board-of-trustees/board-information/board-bylaws/.

say: "I rise to a question of privilege affecting [or 'relating to'] the assembly (or 'to a question of the privileges of the assembly')". *Id.* at p. 221.

17.     A point of order is used when "a member thinks that the rules of the assembly are being violated . . . thereby calling upon the chair for a ruling and an enforcement of the regular rules." *Id.* at Ch. VIII, Section 23, p. 240. A point of order has strict timeliness requirements that require it to be raised at the time the breach occurs. *Id.* at p. 243. To raise a point of order, a member "rises and, without waiting for recognition, immediately addresses the chair as follows: "MEMBER A: I rise to a point of order. [Or, 'Point of Order!']." *Id.* at pp. 244–45. Anyone who is speaking takes his seat and the chair asks the member to state his point of order, to which the member then says "MEMBER A: I make the point of order that . . .." *Id.* at p. 245.

18.     Furthermore, a member must appeal an adverse ruling on the above two parliamentary motions at the time, or the member cannot later complain of the same. *Robert's Rules* is clear that "[m]embers have no right to criticize a ruling of the chair unless they appeal from his decision." *Id.* at Ch. VIII, Section 24, p. 247. In order to appeal, a member of the body makes—or "takes"—the appeal and it must be seconded by another member. *Id.* The question is then taken from the Chair and vested in the body as a whole to decide on. *Id.*

19.     The Plaintiff failed to raise one of the above required parliamentary motions by a question of privilege or a point of order and failed to appeal any adverse ruling on the same. *See* Ex C (verification of Trustee Eva Loredo that she has presided over each meeting of the Board in September and October of 2017 where a trustee participated via video conference and confirming that Trustee Wilson did not raise a point of order in accordance with Robert's Rules regarding any interpretation of Board meeting requirements and did not seek an appeal of an adverse ruling or failure to rule) Plaintiff also failed to exhaust his administrative remedies with

respect to his exclusion from executive session. By failing to raise the motion through *Robert's Rules of Order, Newly Revised*, the Plaintiff failed to meet the conditions precedent to complaining of the actions of the College or Board. Even if the Plaintiff had raised a motion, by failing to appeal a ruling on the same, the Plaintiff has foreclosed his right to contest the ruling at a later date.

20.     Accordingly, this Court should grant the plea to the jurisdiction regarding the Plaintiffs declaratory judgment action on the basis of governmental and legislative immunity. Alternatively, the Court should grant the plea on the basis there is no justiciable issue because a rule of the Board cannot limit what is authorized by statute and because Plaintiff failed to exhaust his administrative remedies.

## IV.     MOTION TO DISMISS

21.     Under Texas Rule of Civil Procedure 91a, Defendant moves dismissal of each cause of action asserted by Plaintiff on the grounds that each has no basis in law or fact for all the reasons asserted in Section III, *supra*.

## V.     SPECIAL EXCEPTIONS

22.     The Texas Rules of Civil Procedure require the Plaintiff to provide "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a). When a pleading is defective, the Texas Rules provide for special exceptions to call notice to the insufficient or defective pleading. *See* TEX. R. CIV. P. 91. The Defendant specially excepts to the Plaintiff's First Amended Original Petition because it is deficient, for the reasons stated in the foregoing paragraphs, in the following respects:

    a.     it does not allege in ¶¶ 2 or 4–11 (or elsewhere) whether the suit is brought against the Trustees in their official or individual capacities;

b.      it does not alleged a unique basis for a declaratory judgment action so as to waive the Defendant's governmental immunity; and

c.      it does not allege in ¶ 37 how Plaintiff can recover attorney's fees or punitive damages if Plaintiff prevails when such recoveries are barred by governmental immunity.

## VI.   GENERAL DENIAL

23.     Defendant asserts a general denial under Texas Rule of Civil Procedure 92. It denies each and every, all and singular, the material allegations made by the Plaintiff and requests strict proof of such allegation as is required by Texas law.

## VII.   DEFENSES

24.     In asserting the following defenses, HCC does not admit that the burden of proving the allegations or denials contained in the defenses is upon HCC, but, to the contrary, asserts that the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in many of the defenses is upon the Plaintiff. Moreover, in asserting any defense, HCC does not admit any liability, but to the contrary, specifically denies any and all allegations of liability in the Plaintiff's lawsuit. Without admitting liability as to any of the Plaintiff's causes of action, HCC asserts the following defenses:

a.   Plaintiff has failed to state claims upon which relief can be granted, and more specifically, has failed to state a claim within the Court's jurisdiction.

b.   Plaintiff's declaratory judgment act claim is barred by governmental immunity.

c.   Plaintiff's suit and/or claims are precluded by sovereign, governmental, and/or legislative immunity.

d.   The Plaintiff seeks damages that are not recoverable.

e. The Plaintiff's claims are barred, in whole or in part, because HCC's actions, including the actions of its body corporate, related to the Plaintiff's claims were at all times in compliance and comportment all applicable laws, and were taken in good faith and for lawful, legitimate, and nondiscriminatory reasons.

f. Plaintiff intentionally engaged in conduct that is inconsistent with claiming a known right.

g. Plaintiff has failed to perform all conditions precedent to filing suit.

h. The Plaintiff's claims are barred, in whole or in part, to the extent the Plaintiff has failed to exhaust the administrative prerequisites for filing suit.

i. The Plaintiff's claims are barred, in whole or in part, because they are moot.

j. Defendant HCC reserves the right to assert additional defenses or affirmative defenses as they become apparent through discovery.

## VIII.   HCC'S REQUEST FOR COSTS AND ATTORNEY'S FEES

25.    Section 11.161 of the Texas Education Code allows independent school districts to recover reasonable attorneys' fees and costs if "(1) the court finds that the suit is frivolous, unreasonable, and without foundation; and (2) the suit is dismissed or judgment is for the defendant." TEX. EDUC. CODE § 11.161. Section 11.161 is applicable to the Defendant, a community college, under Section 130.084 of the Texas Education Code.[3] A "frivolous" suit is generally understood to mean one that does not have a reasonable basis in law or fact. *See Gen. Elec. Credit Corp. v. Midland Cent. Appraisal Dist.*, 826 S.W.2d 124, 125 (Tex. 1991) (per curiam); *Thielemann v. Blinn Bd. of Trustees*, 01-14-00595-CV, 2015 WL 1247018, at *2 (Tex.

---

[3]Section 130.084 of the Texas Education Code provides that the management and control of a junior college are governed by the general law governing the management and control of an independent school district.

App.—Houston [1st Dist.] Mar. 17, 2015, no pet.). Here, the above authority and arguments in this Plea establish that a public community college retains governmental immunity from Plaintiff's declaratory judgment claims, and the Plaintiff has not properly pled a waiver of that immunity. Moreover, the Plaintiff failed to avail himself of the proper channels, as a trustee, to raise his complaints. Because Plaintiff has not met his burden, his declaratory judgment claims are frivolous, and Defendant hereby asserts a request for costs and attorney's fees under Section 11.161 of the Texas Education Code.

## IX. PRAYER

26. For the foregoing reasons, Defendants request that the Court grant their Second Amended Plea to the Jurisdiction and/or Motion to Dismiss regarding Plaintiff's declaratory judgment claims, alternatively grant its special exceptions by requiring Plaintiff to replead to allege facts supporting waiver of immunity, deny Plaintiff all relief requested, award the College its reasonable attorney's fees and costs, and award the College all other relief to which it is entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By:_____

Arturo G. Michel
State Bar No. 14009440
amichel@thompsonhorton.com

Stephanie A. Hamm
State Bar No. 24069841
shamm@thompsonhorton.com

Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
Telephone: (713) 554-6767
Facsimile: (713) 583-8884

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 8, 2018 a true and correct copy of the foregoing document has been served on all counsel of record for the Plaintiff by electronic service and/or certified mail as follows:

Mr. Keith A. Gross
The Law Office-of Keith A. Gross
250 Park Avenue
League City, TX 77573

/s/ Stephanie A. Hamm
Stephanie A. Hamm

4819-6806-3583, v. 1