IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BUREN WILSON, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO.: 4:18-CV-00744 |
| | § | |
| HOUSTON COMMUNITY COLLEGE SYSTEMS, | § | |
| | § | |
| Defendant. | § | |

## MOTION TO QUASH WILSON'S NOTICE OF INTENT TO TAKE ORAL DEPOSITION

Houston Community College System (HCC), Dr. Adriana Tamez (Dr. Tamez), and Dr. Carolyn Evans-Shabazz (Dr. Evans-Shabazz) jointly file their Motion to Quash Wilson's Notice of Intent to take Oral Deposition as follows:

1. Wilson alleges that HCC violated his First and Fourteenth Amendment rights when its Board of Trustees voted to censure him on January 18, 2018. Dkt. 12. The vote to censure Wilson took place as part of a public meeting scheduled in accordance with the Texas Open Meetings Act while the Board of Trustees was in legislative session. Wilson served his notice of intent to take the oral deposition of Dr. Tamez on July 12, 2018. The notice stated that "[t]he deposition shall cover the subject matter relating to Houston Community College Systems [sic] Resolution of Censure that is subject [sic] of this lawsuit." Wilson served his notice of intent to take the oral deposition of Dr. Evans-Shabazz on September 19, 2018. Both Dr. Tamez and Dr. Evans-Shabazz are Trustees of HCC who participated in the vote to censure Wilson.

2.     HCC filed a motion for a protective order on July 30, 2018. Dkt. 18. This Court denied HCC's motion on September 11, 2018. Dkt. 34. HCC has filed a motion for an expedited response to its motion to dismiss and a motion for reconsideration of its protective order. Dkt. 41. HCC adopts all of the arguments contained in its motion for an expedited response to its motion to dismiss and a motion for reconsideration of its protective order for the purposes of this motion to quash.

3.     Legislators are entitled to legislative immunity for their actions taken within the "legitimate legislative sphere" under the Speech or Debate Clause of the United States Constitution. *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975) (citing *Doe v. McMillan*, 412 U.S. 306, 314 (1973)). Legislative immunity includes a privilege against being called to testify about actions taken within the legitimate legislative sphere. *Gravel v. U.S.*, 408 U.S. 606, 615-16 (1972) (finding that "[w]e have no doubt that [a Senator] may not be made to answer – either in terms of questions or in terms of defending himself from prosecution – for the events that occurred [within the legitimate legislative sphere].").

4.     The legislative immunity enjoyed by federal legislators applies to local legislators, as well. *Bogan v. Scott-Harris*, 523 U.S. 44, 52 (1998) (holding that "[a]bsolute immunity for local legislators under § 1983 finds support not only in history, but also in reason."); *Minton v. St. Bernard Parish Sch. Bd.*, 803 F.2d 129, 134-35 (5th Cir. 1986) (holding that "[l]ocal legislators who are acting within the scope of their legislative duty, enjoy absolute immunity from personal liability under civil liability suits."). Further, federal courts in Texas have found that local legislators are entitled to a testimonial privilege under the legislative immunity doctrine. *Cunningham v. Chapel Hill Indep. Sch.*

*Dist.*, 438 F. Supp. 2d 718, 722 (E.D. Tex. 2006) (holding that "[l]ocal legislators are protected by the testimonial privilege from having to testify about actions taken in the sphere of legitimate legislative activity."). Because HCC's Trustees were acting within the sphere of legitimate legislative activity when they voted to censure Wilson, they are entitled to a testimonial privilege regarding those activities and cannot be questioned regarding their motivations behind that vote.

5.  For these reasons, Dr. Tamez and Dr. Evans-Shabazz are entitled to a testimonial privilege under the legislative immunity doctrine and cannot be deposed regarding the vote on the resolution of censure. HCC, Dr. Tamez, and Dr. Evans-Shabazz respectfully request an Order quashing Wilson's notice of intent to take the oral depositions of Dr. Adrianna Tamez and Dr. Carolyn Evans-Shabazz and prohibiting Wilson from deposing any HCC Trustees on this issue.

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

_____
RICHARD A. MORRIS
State Bar No. 14497750
Fed. I.D. No. 15004
Email: rmorris@rmgllp.com
JONATHAN G. BRUSH
State Bar No. 24045576
Fed. I.D. No. 619970
Email: jbrush@rmgllp.com
JACOB R. WOODWARD
State Bar. No. 24106600
Fed. I.D. No. 3171991
Email: jwoodward@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone: 713/960-6000
Facsimile: 713/960-6025

ATTORNEY FOR HOUSTON COMMUNITY COLLEGE SYSTEM

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Keith A. Gross
*(Via Email: attnykgross@aol.com)*

_____
Attorney for Defendant HCC