UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BUREN WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-00744 |
| | § | |
| HOUSTON COMMUNITY COLLEGE SYSTEM, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Pending before the Court is the defendant's, Houston Community College System's, (the "defendant"), motion to dismiss pursuant to 12(b)(1) and 12(b)(6) (Dkt. No. 17), the plaintiff's, David B. Wilson's (the "plaintiff"), response to the motion (Dkt. No. 21), and the defendant's[1] motion to dismiss reply. (Dkt. No. 24). After having carefully considered the motion, response, reply and the applicable law, the Court determines that the defendants' motion to dismiss should be **GRANTED**.

**II.    FACTUAL BACKGROUND**

In November 2013, the plaintiff was elected to the Houston Community College System's, nine-member board of trustees (the "board"). Trustees are elected by the public to serve on the board for six-year terms. On January 18, 2018, a majority of the board voted to publicly censure the plaintiff for conduct that was in the judgment of his fellow board members detrimental to Houston Community College Systems and its' mission.

---

[1] Here, "defendant" also refers to the members of the board of trustees named in the suit. While not listed, they serve as part of the Houston Community College System entity for purposes of this Memorandum Opinion and Order.

1 / 8

Alleging violations of its bylaws, the board determined that the plaintiff failed to (1) respect the board's collective decision-making process; (2) engage in open and honest discussions in making board decisions; (3) respect trustees' differing opinions; (4) interact with trustees in a mutually respectful manner; and (5) act in Houston Community College System's best interest. The board also resolved that the plaintiff would be: (1) ineligible for election to a board officer position for the 2018 calendar year; (2) ineligible for travel-related expense reimbursements for college year 2017-2018; and (3) required to maintain board approval when requesting access to funding for community affairs programs for college year 2017-2018.

On February 7, 2018, the plaintiff amended his state court complaint suing the defendant under 42 U.S.C. § 1983, seeking money damages for alleged violations of his rights secured by the First and Fourteenth Amendments. Subsequently, the defendant removed the case to this Court. On Jun 14, 2018, the plaintiff filed his second amended complaint with the Court. On July 24, 2018, the defendant filed its' motion to dismiss.

## III. STANDARD OF REVIEW

### A. Standard Under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction. Fed. R. Civ. P.12(b)(1). "If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 (3d. Cir. 1992) (citing *Rubin v. Buckman*, 727 F.2d 71, 72 (3d Cir. 1984)) (reasoning that "[t]he distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the

former may be asserted at any time and need not be responsive to any pleading of the other party."). Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See*, *e.g.*, *Stockman v. Fed. Election Comm'n*, 138 F. 3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F. 3d 222, 225 (5th Cir. 1994)). Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)); see also *Stockman*, 138 F.3d at 151.

When evaluating jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MD Physicians & Assoc., Inc. v. State Bd. Of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 654 F.2d 404, 413 (5th Cir. 1981)); see also *Vantage Trailers*, 567 F.3d at 748 (reasoning that "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations."). In making its ruling, a court may rely on any of the following: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MD Physicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

B.   **Standard Under Fed. R. Civ. P.12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ.

P.12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d. 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegation in the complaint are true (even if doubtful in fact).' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Moreover, in light of the Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the …claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89,93,127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than lables and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964 – 65 (citing *Papason v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Court 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 556 U.S. at 78, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-leaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679, 129 S. Ct. at1950 (quoting Fed. R. Civ.P.8(a)(2)).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence is support of his or her claims, not whether the plaintiff will eventually prevail. Twombly, 550 U.S. at 563, 127 D. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L.Ed.2D 90 (1974)); see also *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In this regard, its review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F. 3d 285, 288 (5th Cir. 2004). The Court may also, however, "take judicial notice of documents in the public record ..., and may consider such documents in determining a motion to dismiss." R2 Invs. *LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 – 18 (5th Cir. 1996)). "Such documents should be considered only for the purpose of determining what statements [they] contain, not to prove the truth of [their] contents.' *Lovelace*, 78 F.3d at 1018 (internal citation omitted). "If, based on the facts pleaded and judicially noticed, a

successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, (5th Cir. Dec. 23, 2008) (citing *Kansa Reinsurance Co., Ltd v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

IV. **ANALYSIS AND DISCUSSION**

The plaintiff's request for declaratory and injunctive relief alleges that the defendant violated his First Amendment right of speech. The defendant contends that the plaintiff lacks standing to assert his claim. Standing is a threshold question in every federal court case. It is well-settled that, "the irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). These elements are: (1) an injury-in-fact that is concrete and actual or imminent, not hypothetical; (2) a fairly traceable causal link between the injury and the defendant's actions; and (3) that the injury will likely be redressed by a favorable decision. *See, e.g., Bennett v. Spear*, 520 U.S. 154, 167, 117 S. Ct. 1154, 137 L.Ed.2d 281 (1997); *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009).

The plaintiff alleges that the board injured his right to free speech by censuring him for actions they disagreed with. Another circuit has established that a majority's decision to censure a member of a political body does not give rise to a First Amendment violation claim. *Phelan v. Laramie Cnty. Cmty. Coll., Bd. Of Trustees*, 235 F. 3d 1243 (10th Cir. 2000). While not binding, the court's reasoning in *Phelan*, is instructive here. In *Phalen*, a community college board of trustees passed a resolution censuring one of its' members for violating the college's ethics policy. The censure allowed the board to

voice its' opinion that the member had violated the policy and to ask that she not engage in similar conduct in the future. The board member claimed that she was injured by the censure because it tarnished her reputation. The court found that the board's censure did not injure the plaintiff's free speech rights since it did not prevent her from performing her official duties or restrict her opportunity to speak or her right to vote as a board member. *Id*. at 1248. Ultimately, the censured member remained free to express her views publicly and to criticize the ethics policy and the board's censure. *Id*.

The facts in *Phelan* are analogous to the facts before the Court. Here, the defendant, a community college and board of trustees, passed a similar resolution publicly censuring the plaintiff for conduct violating its' bylaws. The censure described the plaintiff's conduct as inappropriate and reprehensible. The plaintiff maintains that the censure injured his free speech rights by enjoining him from holding an office position on the board, from accessing funds in his board account for community affairs without board approval and from reimbursement of travel related expenses. Like in *Phelan*, however, the censure does not cause an actual injury to his right to free speech. The plaintiff is not prevented from performing his official duties. In spite of the censure, the plaintiff is free to continue attending board meetings and expressing his concerns regarding decisions made by the board. Further, the censure does not prohibit him from speaking publicly.

The plaintiff has failed to demonstrate any injury-in-fact as required to establish standing under 12(b)(1). In order to prevail the plaintiff must show that he suffered "an invasion of a legally protected interest" that is concrete and particularized' and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540

(2016). The plaintiff argues that he suffered harm by not being reimbursed for travel expenses. The defendant maintains, however, that the plaintiff has not made a claim for reimbursement. Additionally, at this time, the plaintiff has access to the board account for community affairs and may run for a board officer position. The actions complained of by the plaintiff are not actual in that he may still exercise his right to free speech. Since there is no injury-in-fact, and injury is necessary for analysis of the second and third elements of standing, they are not addressed.

The plaintiff's Fourteenth Amendment "due process" claim rests on a theory that the plaintiff suffered harm coupled with the denial of his constitutional right to speak without retaliation. *See Paul v. Davis,* 424 U.S. 693, 711, 96 S. Ct. 1155, 47 L.Ed.2d 405 (1976). Consequently, the Court's determination that the defendant did not infringe the plaintiff's First Amendment freedoms leads the Court to conclude that the board did not injure his Fourteenth Amendment rights.

V.  **CONCLUSION**

The plaintiff's suit must be dismissed for lack of subject matter jurisdiction. Based on the foregoing analysis and discussion, the defendant's motion to dismiss is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 22nd day of March, 2019.

_____
Kenneth M. Hoyt
United States District Judge